# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| GREGORY TYREE BROWN, | No. 56025-9-II |
| Appellant, | |
| v. | |
| LAWRENCE FREEDMAN, | UNPUBLISHED OPINION |
| Respondent. | |

VELJACIC, J. — Gregory T. Brown, pro se, appeals the trial court's 2021 order granting Lawrence Freedman's motion for summary judgment and dismissing Brown's amended complaint against Freedman. The court had previously granted summary judgment in Freedman's favor in 2019, dismissing Brown's original complaint. Brown now raises issues relating to the court's 2019 summary judgment order. Because Brown did not timely appeal the 2019 summary judgment order, we do not reach his arguments. We affirm the trial court's 2021 summary judgment order.

## FACTS

Brown is currently serving two consecutive life sentences for two 1983 aggravated murder in the first degree convictions. In June 2015, Brown retained Freedman, an attorney, to petition the Indeterminate Sentence Review Board (ISRB) to grant Brown a parole hearing. Brown asserted that it was unclear whether the trial court sentenced him to an indeterminate sentence or life without the possibility of parole. Freedman began investigating the matter and drafted a letter to the ISRB seeking clarification.

On July 6, 2015, Brown sent a letter to Freedman, terminating their agreement. Freedman mailed a letter to Brown on July 29, 2015, acknowledging that their agreement was terminated. The parties disputed whether Brown's payment to Freedman for his services should be refunded.

On March 30, 2016, the ISRB sent a letter to Freedman stating that it had contacted the sentencing court and the court clarified that it sentenced Brown to life without the possibility of parole, so Brown would not be eligible for a parole hearing. Believing Brown was notified directly of this decision, Freedman did not forward the letter to Brown.

In 2018, Brown filed a pro se complaint against Freedman, alleging malpractice, breach of contract, fraud, misrepresentation, and violation of the Washington Consumer Protection Act chapter 19.86 RCW. In January 2019, Freedman filed a motion for summary judgment dismissal of all claims.

On March 22, 2019, the trial court held the summary judgment hearing. Two days before, Brown mailed a late response to Freedman's motion for summary judgment.[1] The court filed its summary judgment order on March 28 granting Freedman's motion. Our record does not show that the court received Brown's response prior to granting the motion.

On March 25, 2019, Brown filed an amended complaint. The amended complaint was the same as the original, but added a new allegation against Freedman for not sending the ISRB's 2016 letter to Brown.

---

[1] Under CR 56(c), Brown's response must have been filed and served no later than "11 calendar days before the hearing." Even with the benefit of GR 3.1(b), which permits an inmate's correspondence to be deemed filed on the date the document is deposited in the institution's internal mail system, Brown's response would still have been untimely.

On April 5, 2021, Freedman filed another motion for summary judgment, to dismiss the newly raised claim. Freedman argued that Brown failed to establish legal malpractice for not mailing the 2016 letter. The court granted Freedman's motion for summary judgment dismissing Brown's new claim. Brown appeals the trial court's 2021 summary judgment order.

ANALYSIS

Brown argues that the trial court erred in granting summary judgment in favor of Freedman in 2019 because Brown's amended complaint rendered his original complaint void; therefore, the trial court wrongly ruled on a void complaint. He also argues the court erred in granting summary judgment in 2019 without considering his objection.

Under RAP 5.1(a), "[a] party seeking review of a trial court decision reviewable as a matter of right *must* file a notice of appeal." (Emphasis added.) The notice must be filed within 30 days of the entry of the judgment the party wants reviewed. RAP 5.2(a). Moreover, RAP 5.3(a) requires a party to designate in the notice of appeal the order it wants us to review.

While Brown assigns error to the 2019 order, he did not appeal the 2019 order. Moreover, he did designate that order as an order he wanted us to review in his notice of appeal. Instead, he designated only the 2021 order, to which he does not assign error.

For this reason, his allegations relating to the 2019 order are not properly us. Accordingly, we decline to reach these issues. As to the 2021 order that Brown has appealed, he does not argue any error with regard to this order.

CONCLUSION

We affirm the trial court's 2021 summary judgment order.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
Veljacic, J.

We concur:

_____
Lee, J.

_____
Cruser, A.C.J.